# SUPREME JUDICIAL COURT

##### FOR THE

### COUNTY OF BERKSHIRE, AT LENOX,
### SEPTEMBER TERM 1859.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. THERON METCALF,
Hon. GEORGE T. BIGELOW,    } Justices.
Hon. PLINY MERRICK,
Hon. EBENEZER R. HOAR

---

GEORGE C. BUCK *vs.* JOHN C. WOLCOTT & others.

A judgment of the court of common pleas, under the Rev. Sts. c. 103, § 81, confirming a report of commissioners appointed to make partition, is not within the *St.* of 1840, c. 87, prohibiting appeals except for matter of law apparent on the face of the record; but is subject to a general appeal to this court.

Under the *St.* of 1859, c. 196, this court, at a law term, has no jurisdiction of matters cognizable by a single judge.

APPEAL from a judgment of the court of common pleas at October term 1858, confirming a report of commissioners to make partition of real estate, and overruling the respondents' objections, some of which were based on partiality and interest of the commissioners, and others on matters of law. The appeal was entered in this court at May term 1859, and continued to this term.

*H. L. Dawes,* for the petitioner. Since the *St.* of 1840, *c.* 87, § 5, no appeal lies under the Rev. Sts. *c.* 103, § 31, except for matter of law apparent on the face of the record. And such is the construction of the commissioners on the pending revision of the statutes in *c.* 136, § 30 of their report. If the judgment of the court below was founded on erroneous rulings in matters of law, not apparent on the record, the remedy is by exceptions.

If any appeal lies on matters not appearing on the record, it is not open at this law term, but must be continued to the next *nisi prius* term of this court.

*J. C. Wolcott,* for the appellants.

SHAW, C. J. It is not doubted that an appeal would lie in this case, under the Rev. Sts. *c.* 103, § 31, if no change had been made by the jurisdiction act of 1840, *c.* 87. The question is, whether a petition for partition, not being, strictly speaking, a real action, nor expressly provided for in that act, is to be considered as within its operation. The legislature, two years later, very clearly expressed an intention not to consider petitions for partition as real actions, by providing that they might be brought in the court of common pleas, and confirming, as far as they could, all such proceedings in that court since the act of 1840. *St.* 1842, *c.* 4.

The court are of opinion that this case is not affected by the jurisdiction act of 1840, and that this appeal was rightly taken, and was pending in the supreme judicial court, when the act of 1859, *c.* 196, was passed. But it was pending here, not as a question of law, but upon the acceptance of the report of the commissioners, which might involve questions of fact as well as questions of law. There are many cases, requiring the exercise of judicial discretion, in which the court may have to examine facts. This case is like an appeal from a decree of partition in the probate court. It stands upon the docket of this court, and will come up at the next term held by a single judge in this county ; for, under the provisions of the act establishing the superior court, this court at a law term has no jurisdiction of matters which have not become questions of law ready for the action of the whole court, and have been entered, or are in

23*

a condition in which they ought to be entered, upon the law docket. A general appeal is cognizable in the first instance by a single judge. If, at the hearing before one judge, no question of law arises in the case, his judgment will be final. If such question does arise, it may be reserved on report, or by bill of exceptions. *Case discharged from law docket.*